UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEVIN LIZAK, Jr.,

    Plaintiff,

v.   Civil Action No. _____

DELTA MANAGEMENT ASSOCIATES, INC.,

    Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices..

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

### III. PARTIES

2. Plaintiff Kevin Lizak is a natural person residing in the County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

3. Defendant Delta Management Associates, Inc. (hereinafter "Delta) is a corporation organized and existing under the laws of the State of Massachusetts.

4. Upon information and belief, Defendant regularly attempts to collect debts alleged to be due another and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6)

5. That all references in this complaint to "Defendant" shall mean the Defendant or an employee of the Defendant.

6. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

### IV. FACTUAL ALLEGATIONS

7. That the Plaintiff allegedly incurred a bank charges to Citizens Bank relating to his use of a bank account he had with them.

8. That Citizens Bank alleges that Plaintiff defaulted in paying the alleged bank charges. Plaintiffs alleged obligation to pay Citizens Bank bank charges will hereinafter be referred to as the subject debt.

9. That the subject debt was incurred for services used by Plaintiff solely for personal, household and/or family use.

10. That the subject debt was and is a "debt" as that term is defined by 15 U.S.C.§1692a(5).

11. Defendant was employed by Citizens Bank to collect the subject debt from Plaintiff.

12. That in early July of 2006, Plaintiff called Defendant with the intention of making arrangements to pay the subject debt in full. That as Plaintiff was attempting to explain to Defendant his intentions, Defendant interrupted Plaintiff and rudely stated that it was clear that Plaintiff did not want to pay the subject debt and that Defendant would sue him to collect the subject debt. Plaintiff was so dumbfounded by Defendant's demeanor and accusation that he informed Defendant that he would have to call him back.

13. That several days after the telephone call described in paragraph 12 of this complaint, Defendant called Plaintiff's 72 year old grandmother, disclosed to her that Plaintiff owed a debt, and gave her Plaintiff's "case number."

14. That shortly after the telephone call described in paragraph 13 of this complaint, the Plaintiff's grandmother advised Plaintiff of the details of said telephone calls, and expressed concern to him about his financial circumstances and the consequences that he would suffer if he did not immediately pay the subject debt.

15. That shortly after Plaintiff's discussion with his grandmother described in paragraph 14 of this complaint, Plaintiff called Defendant. He was informed by and employee of Defendant that if he did not pay the debt that day, he would be sued. When asked by Plaintiff if Citizens Bank would really sue him for such a small debt, said employee advised him that they would, and that they had sued her in the past for a smaller amount than Plaintiff owed.

16. That Citizens Bank never authorized Defendant or any other person or entity to commence litigation against Plaintiff to attempt to collect the subject debt.

17. That neither Citizens Bank nor Defendant ever intended to commence litigation against Plaintiff to attempt to collect the subject debt.

18. That based upon the statements made to Plaintiff and/or his grandmother as described in this complaint, the "least sophisticated consumer", as that term is defined by law, would have concluded that Defendant and/or Citizens Bank had plans to file a lawsuit to attempt to collect the subject debt, and that said Defendant had received authorization from Citizens Bank to file a civil lawsuit to attempt to collect the subject debt.

19. That by reason of the actions of Defendant described in this complaint, Plaintiff became humiliated, nervous, anxious, upset, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated multiple provisions of the FDCPA, including but not limited to the following:

   A. Defendants disclosure to Plaintiff's grandmother that Plaintiff owed a debt violated 15 U.S.C.§1692c(c), 15 U.S.C.§1692b(1), and 15 U.S.C.§1692f.

   B. Defendants falsely represented that either they or Citizens Bank had decided to commence litigation against Plaintiff imminently, and/or that Citizens Bank had authorized the commencement of litigation against Plaintiff to collect the subject debt in violation of 15 U.S.C.§1692e, 15 U.S.C.§1692e(2), 15 U.S.C.§1692e(5), and 15 U.S.C.§1692e (10) in that they misrepresented the status of the legal status of the debt, and that legal action had been authorized, commenced and/or decided upon.

   C. That the "least sophisticated consumer", as that term is defined by law, would or could have believed that the false representations described in this complaint were true.

22. As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

Dated: January 3, 2007

s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Attorney for the Plaintiff
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Kevin Lizak, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Dated: January 3, 2007                s/KEVIN LIZAK Jr.
                                       Kevin Lizak Jr.